# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| ALONZO DAVIS, | ) | |
| *Plaintiff*, | ) ) ) | |
| v. | ) ) | No. 18 C 4345 |
| PALOS HEALTH (PALOS COMMUNITY HOSPITAL), | ) ) ) | Judge Virginia M. Kendall |
| *Defendant*. | ) ) ) | |

## MEMORANDUM OPINION AND ORDER

Alonzo Davis sued his former employer Palos Health for discriminating against him because of his age and race and then retaliating against him for complaining about this misconduct, in violation of the Age Discrimination in Employment Act (ADEA) and the Title VII of the Civil Rights Act. Davis also brought a state-law claim of intentional infliction of emotional distress (IIED). Palos Health moved to dismiss the complaint for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Davis responded and moved to strike an exhibit (Davis' EEOC Charge) attached to Palos Health's motion. For the reasons stated herein, the Court grants Palos Health's motion to dismiss the complaint without prejudice. Davis may amend his complaint consistent with this opinion by 2/13/19. Additionally, the Court denies Davis' motion to strike the exhibit.

1

## BACKGROUND

Alonzo Davis is a 55-year-old, African American male who previously worked at Palos Community Hospital—a branch of Palos Health. (Dkt. 1, Ex. A.) Davis alleges that Palos Health discriminated against him from 2003 until 2017. (*Id.* at 3.) Davis claims that Palos Health promoted employees that were less qualified than him and that most people that worked there were not African American or younger than 55 years-old. (*Id.*) Davis believes that he received more severe punishment, more demanding work requirements, and more harassment from supervisors than his non-African American co-workers. (*Id.* at 6.)

Even after Davis complained to management that Palos Health shared his personnel file and medical records with other employees, they did not discipline those responsible for sharing this confidential information. (*Id*. at 3–4.) Davis declares that Palos Health subjected him to a hostile work environment in retaliation for his internal complaints. (*Id*. at 8.) In May 2011, maintenance placed toilet seats on Davis' chair. (*Id.* at 3.) At another point, Palos Health supervisors and co-workers told Davis that "he was too old [for his job] and that a younger replacement should take his position." (*Id*. at 4.)

Davis' situation seemed to culminate when Palos Health terminated him on October 28, 2016 and replaced him with a non-African American employee. (*Id*. at 3, 6.) Because in December 2016, a Palos Health manager told others that Davis "did not want to be seen eating lunch with a bunch of white people." (*Id*. at 3.) Palos Health did not rehire Davis when he reapplied on February 1, 2017. (*Id*.) Davis claims that these incidents caused him severe emotional distress. (*Id*. at 7.) He experienced "anxiety, depression, [digestive]

illness, [insomnia], hyper vigilance, paranoia . . . [and] a negative impact on his family relationship." (*Id*.)

## **LEGAL STANDARD**

In reviewing a motion to dismiss under Rule 12(b)(6), the Court considers all well-pleaded allegations to be true and "make[s] reasonable inferences in favor of the plaintiff." *Del Korth v. Supervalu, Inc.*, 46 F. App'x 846, 848 (7th Cir. 2002) (citing *Maple Lanes, Inc. v. Messer*, 186 F.3d 823, 824–825 (7th Cir. 1999)). "If a set of facts consistent with the complaint would entitle the plaintiff to relief, a court should not grant a motion to dismiss." *Id*. (citing *Conley v. Gibson,* 355 U.S. 41, 45–46 (1957); *Veazey v. Commc'ns & Cable of Chicago, Inc.*, 194 F.3d 850, 861 (7th Cir. 1999)).

Thus, a statute of limitations violation can only support the dismissal of a claim during pleading when the plaintiff "pleads facts that show . . . his suit is time-barred or otherwise without merit . . ." *Tregenza v. Great Am. Commc'ns Co.*, 12 F.3d 717, 718 (7th Cir. 1993) (citing *Early v. Bankers Life & Casualty Co.,* 959 F.2d 75, 79 (7th Cir. 1992); *Bartholet v. Reishauer A.G.,* 953 F.2d 1073, 1078 (7th Cir. 1992)). Otherwise, timeliness violations and statutes of limitations violations are affirmative defenses that a plaintiff need not refute during pleading. *See id*. (citing *Gomez v. Toledo,* 446 U.S. 635, 640 (1980)).

Regarding motions to strike, the Court may remove "an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter" from pleadings. Fed. R. Civ. P. 12(f). The Court does so to "remove unnecessary clutter" from the case. *Heller Fin., Inc. v. Midwhey Powder Co., Inc.*, 883 F.2d 1286, 1294 (7th Cir. 1989); *see also Williams v. Jader Fuel Co., Inc.*, 944 F.2d 1388, 1400 (7th Cir. 1991). Accordingly, any attachments to motions must be "consistent with the pleadings". *Heng v. Heavner, Beyers & Mihlar,*

*LLC*, 849 F.3d 348, 354 (7th Cir. 2017).

**DISCUSSION**

Palos Health moved to dismiss the statutory discrimination claims arguing that they are untimely and barred by the statute of limitations. Palos Health additionally moved to dismiss Davis' IIED claim contending that the Illinois Human Rights Act (IHRA) preempts it and that Davis insufficiently pled it. Davis, for his part, moved to strike Palos Health' exhibit that it attached to its motion to dismiss because it is not central to the claims. As a preliminary matter, the Court need not address Palos Health's motion to dismiss any gender discrimination claim because Davis did not state such a claim in his complaint. *Cf. Lavalais v. Vill. of Melrose Park*, 734 F.3d 629, 635 (7th Cir. 2013) (concluding that a plaintiff may not assert a claim not alleged in the complaint).

**I.     Statutory Discrimination Claims (Counts I–II and IV)**

Title VII and the ADEA prohibit employment discrimination based on age (ADEA) and race, color, religion, sex, or national origin (Title VII). *See* 42 U.S.C. §2000e; 29 U.S.C. § 621. To state a claim under either statute, a plaintiff must allege that the employer took a specific adverse employment action against the plaintiff because of her status in a protected class. *See Lavalais*, 734 F.3d at 633. Section 1981 requires a claim to indicate that a "person[ ] within the jurisdiction of the United States" was denied the legal right "to make and enforce contracts" because of her race. *See* 42 U.S.C. § 1981(a); *Haynes v. Indiana Univ.*, 902 F.3d 724, 731 (7th Cir. 2018)

**A.     Timeliness**

The parties dispute when Davis received actual notice of his right to sue. Palos Health claims that the EEOC issued Davis notice of the right to sue on December 19, 2018.

4

(Dkt. 10 at 4.) Davis contends that, although the EEOC issued notice on that date, he did not receive it until January 17, 2018. (Dkt. 20 at 4.) For ADEA and Title VII claims, "a plaintiff must file her suit within 90 days from the date the EEOC gives notice of the right to sue." *Houston v. Sidley & Austin*, 185 F.3d 837, 838–39 (7th Cir. 1999) (citing 29 U.S.C. § 626(e); 42 U.S.C. § 2000e-5(f)(1)). The 90-day period typically begins when the plaintiff physically receives the notice unless a delay in reception is the plaintiff's fault. *See St. Louis v. Alverno College*, 744 F.2d 1314, 1316–17 (7th Cir. 1984).

Here, Davis specifically alleges that he received the right-to-sue letter on January 17, 2018. (Dkt. 20 at 5; Dkt. 1, Ex. A at 2.) That said, courts presume that a correctly addressed piece of mail arrives in a timely manner, typically five days. *See Bobbitt v. Freeman Companies*, 268 F.3d 535, 538 (7th Cir. 2001); *see also McPartlin v. Comm'r*, 653 F.2d 1185, 1191 (7th Cir. 1981). Davis attempts to rebut this presumption in his response to Palos Health's motion to dismiss by attaching an email chain with the EEOC. (Dkt. 20. at Ex. A.) But "a plaintiff may not amend his complaint in his response brief." *See Rose v. Board of Election Com'rs for City of Chicago*, 815 F.3d 372, 376 n.3 (7th Cir. 2016) (citing *Pirelli Armstrong Tire Corp. Retiree Med. Benefits Trust v. Walgreen Co.*, 631 F.3d 436, 448 (7th Cir. 2011)). Even if the attachment was legible (it is not), Davis needed to rebut the timely-delivery presumption in his complaint by plausibly alleging why he did not receive the right-to-sue letter five days after the EEOC mailed it. *See Loyd v. Sullivan,* 882 F.2d 218, 218 (7th Cir. 1989) (per curiam); *see, e.g.*, *Saunders v. Am. Warehousing Servs., Inc.*, No. 02 C 7650, 2003 WL 21266652, at *2 (N.D. Ill. May 30, 2003). Davis must replead.

### B. Statutes of Limitations

Palos Health also contends that the applicable statutes of limitations bar Davis' Title VII and ADEA claims. (Dkt. 10 at 5–6.) EEOC charges must be filed no later than 300 days after the alleged adverse employment action occurs. *See* 29 U.S.C. § 626(d)(1)(B); *Riley v. Elkhart Cmty. Sch.*, 829 F.3d 886, 890–91 (7th Cir. 2016). To fall within the 300-day window, Palos Health's misconduct needs to have occurred after September 7, 2016. The only alleged events that fit within that time frame are Davis' termination, his manager's comment that he did not want to eat with white people, Palos Health's decision not to rehire Davis, and Palos Health's replacement of Davis with a non-African American. (Dkt. 1 at Ex. A.) The 2011 toilet seat incident, by contrast, falls outside the limitations period and therefore Davis effectively pled himself out of court. *See Tamayo v. Blagojevich*, 526 F.3d 1074, 1086 (7th Cir. 2008).

Section 1981 has a four-year statute of limitations, so it bars claims based on events prior to March 28, 2014 because Davis sued on March 28, 2018. *See Riley v. Elkhart Cmty. Sch.*, 829 F.3d 886, 890–91 (7th Cir. 2016), *cert. denied*, 137 S. Ct. 1328 (2017) (comparing statutes of limitations and recognizing that Section 1981 claims must be filed within four years of the alleged discriminatory acts). Once again, the statute of limitations precludes consideration of the toilet seat incident. As for Davis' other allegations, it remains unclear what misconduct might have occurred within the pertinent time frame beyond the events previously mentioned.

To the extent Davis tries to circumvent these statutes by arguing that Palos Health's misconduct constituted a "continuing violation," that doctrine only applies to hostile work environment claims. *See Crum v. Advocate N. Side Health Network*, 733 F. App'x 842,

6

843 (7th Cir. 2018) (explaining that "there is no general continuing-violation doctrine in the federal law of employment discrimination") (citing *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 102 (2002)). Davis does not allege a hostile work environment claim. Although Davis seems to state a retaliation-by-hostile-work-environment claim, such a claim fundamentally remains a retaliation claim and is thus analytically distinct from a hostile work environment claim. *See Huri v. Office of the Chief Judge of the Circuit Court of Cook Cty.*, 804 F.3d 826, 833–34 (7th Cir. 2015) (stating that the substantive standards differ between hostile work environment and retaliation claims); *see also Flanagan v. Office of Chief Judge of Circuit Court of Cook Cty., Illinois*, 893 F.3d 372, 375 (7th Cir. 2018). Accordingly, the Court grants Palos' motion to dismiss the claims that Davis affirmatively pled dates for that show the statutes of limitations bar them.

### C. Legal Sufficiency

Even though the time bars and statutes of limitations are not fatal to all Davis' claims, the Federal Rules of Civil Procedure mandate dismissal of the remaining statutory claims. A complaint must provide enough detail "to give the defendant 'fair notice' of what the claim is and what allegations support this claim." *E.E.O.C. v. Concentra Health Services, Inc.,* 496 F.3d 773, 776 (7th Cir. 2007) (quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007)). The complaint must "state a claim . . . that is plausible on its face . . . plead[ing] fact[s] that allow[ ] the court to draw the reasonable inference" that the defendant's wrongdoing constituted a legal violation. *Adams v. City of Indianapolis,* 742 F.3d 720, 728 (7th Cir. 2014) (quoting *Twombly,* 550 U.S. at 570); *see McReynolds v. Merrill Lynch & Co., Inc.,* 694 F.3d 873, 885 (7th Cir. 2012). To state a claim, Davis must plausibly allege enough detail to "present a story that holds together." *Swanson v. Citibank,*

*N.A.*, 614 F.3d 400, 404 (7th Cir. 2010). The complaint must posit "the type of discrimination . . . by whom, . . . and when." *Huri*, 804 F.3d at 833.

Davis did not satisfy these requirements in his complaint. His present allegations are unorganized, uninformative, and hard to follow. The story jumps around its own timeline and switches from general to specific contentions—frequently without alleging details about the "type," "who," and "when" of the discrimination took place. *See id.* Davis must plausibly allege facts that—when tied together—explain why particular conduct (whether it be the toilet seat or the personal file incident) violated his civil rights. Davis must amend his complaint to make it be no longer vague and undescriptive, providing Palos Health and the Court with sufficient context and detail to address it on its merits. The Court therefore grants Palos Health's motion to dismiss the statutory discrimination claims alleged in Counts I–II and IV without prejudice.

## II.     Intentional Infliction of Emotional Distress (Count III)

To state an IIED claim, Davis must plausibly allege that: (1) Palos Health acted outrageously and extremely; (2) with intent to inflict "severe emotional distress" or with knowledge they were likely to cause it; and (3) Davis suffered "severe emotional distress" because of his actions. *See Cook v. Winfrey*, 141 F.3d 322, 330 (7th Cir. 1998).

### A.     Preemption by the Illinois Human Rights Act

Palos Health argues that the IHRA preempts Davis' IIED claim. The question then is "whether the plaintiff can prove the elements of the tort '*independent* of . . . legal duties created by the [IHRA].'" *Richards v. U.S. Steel*, 869 F.3d 557, 564 (7th Cir. 2017) (quoting *Maksimovic v. Tsogalis*, 177 Ill.2d 511, 227 Ill.Dec. 98, 687 N.E.2d 21, 24 (1997)) (emphasis in original). When Davis states his IIED claim in the complaint, he just realleges

the exact same misconduct he used to support his statutory discrimination claims. (Dkt. 1, Ex. A at 7.) This is not enough. *See Smith v. Chicago Sch. Reform Bd. of Trustees*, 165 F.3d 1142, 1151 (7th Cir. 1999) (a tort claim sounding primarily in racial discrimination must be brought before the IHRA); *see, e.g.*, *Britton v. ITT Tech. Inst.*, No. 13-CV-6547, 2014 WL 1568684, at *5 (N.D. Ill. Apr. 17, 2014) (finding that the Act preempted the IIED claim because the alleged misconduct was also used to complain of federal employment discrimination); *Segura v. TLC Learning Ctr.*, No. 12 C 7020, 2013 WL 1283827, at *7 (N.D. Ill. Mar. 26, 2013) (similar); *Mirocha v. Palos Cmty. Hosp.*, No. 11-CV-4542, 2012 WL 3638171, at *4 (N.D. Ill. Aug. 22, 2012) (similar); *Onafuye v. JP Morgan Chase NA*, No. 09 C 5100, 2012 WL 401035, at *9 (N.D. Ill. Feb. 7, 2012) (similar); *Johnson v. Joliet Junior Coll.*, No. 06 C 5086, 2007 WL 1119215, at *2 (N.D. Ill. Apr. 10, 2007) (similar). Moreover, "courts hesitate to find a claim for [IIED] in employment situations." *Onafuye*, 2012 WL 401035, at *9 (citing *Graham v. Commonwealth Edison Co.*, 318 Ill.App.3d 736, 746 (1st Dist. 2000)). Because the described conduct is only offensive if based on the Davis' age or race, the IIED claim is inextricably linked to the discrimination claims. The Act accordingly preempts it.

### B. Legal Sufficiency

Even if the IHRA did not preempt the IIED claim, Davis still failed to state it as a matter of law. Davis adequately alleged that he suffered severe emotional distress, but he did not adequately allege that he experienced outrageous conduct that was intended to inflict such distress. Davis claims that Palos Health's myriad of actions were egregious and caused him to suffer extreme emotional distress. (Dkt. 1, Ex. A.) Despite this, Davis did not sufficiently plead the outrageous conduct element because the proscribed conduct

9

needs to be "so outrageous . . . and so extreme . . . to go beyond all possible bounds of human decency." *Public Finance Corp. v. Davis,* 360 N.E.2d 765, 767 (1976); *Cook*, 141 F.3d 331. "Mere insults, indignities, threats, annoyances, petty oppressions or trivialities" are not actionable. *Oates v. Discovery Zone,* 116 F.3d 1161, 1174 (7th Cir. 1997) (quoting *McGrath v.* Fahey, 533 N.E.2d 806, 809 (Ill. 1988))). In the employment context, "actions that may cause . . . employees serious upset, . . . [are not] 'extreme and outrageous' when they d[o] not go well beyond the parameters of the typical workplace dispute." *Honaker v. Smith*, 256 F.3d 477, 491 (7th Cir. 2001). All the instances Davis names as extreme conduct constitute indignities, annoyances, and other actions typical of a workplace dispute; therefore, they do not rise to the level of extreme and outrageous conduct. (Dkt. 1, Ex. A.)

Additionally, a person cannot intend to cause severe emotional distress if her conduct would not objectively produce such results. "Courts have generally found this element to be satisfied either when a defendant's actions, by their very nature, were likely to cause severe distress or when the defendant knew that a plaintiff was particularly susceptible to such distress . . ." *Honaker*, 256 F.3d at 494. Palos Health's alleged actions would not "by their very nature" cause severe emotional distress. Additionally, Davis failed to allege that Palos Health knew of any sensitivity that made Davis especially prone to severe emotional distress. The Court accordingly grants Palos Health's motion to dismiss the IIED claim alleged in Count III.

## III. Davis' Motion to Strike

Palos Health attached Davis' EEOC Charge as an exhibit to its motion to dismiss. (Dkt. 10.) Davis moved to strike this exhibit claiming that the EEOC Charge is not central

to his claim. (Dkt. 20 at 3.) Documents attached to a motion to dismiss are "considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to his claim." *Wright v. Assoc. Ins. Cos. Inc.,* 29 F.3d 1244, 1248 (7th Cir. 1994) (citing *Venture Associates v. Zenith Data Systems*, 987 F.2d 429, 431 (7th Cir. 1993)). In *Wright*, the Court of Appeals considered a document attached to a motion to dismiss central to the claim because the plaintiff's complaint quoted it and referred to it. *See id.* The attached document was also central to the claim because its content was needed to establish the claim in the first place. *See id.*

In this case, the EEOC Charge is analogous to the attachment addressed in *Wright*. Davis mentioned the EEOC Charge in the complaint when he alleged that "all administrative remedies have been exhausted with the EEOC . . ." (Dkt. 1, Ex. A at 2.) Moreover, Davis needs the EEOC Charge to sufficiently plead his federal claims because, to bring a Title VII or ADEA claim in federal court, a plaintiff must exhaust her administrative remedies and give notice by filing a charge with the EEOC. *See Cheek v. W. & S. Life Ins. Co.*, 31 F.3d 497, 500 (7th Cir. 1994) (explaining that "a Title VII plaintiff cannot bring claims in a lawsuit that were not included in her EEOC charge").

So understood, the EEOC Charge is pertinent to Davis' complaint, and even if it was not, the EEOC Charge is a public record and thus subject to judicial notice. *See, e.g.*, *Nolan v. City of Chicago*, No. 15-CV-11645, 2017 WL 569154, at *4 n.1 (N.D. Ill. Feb. 13, 2017) (describing EEOC charge as central to determining the proper scope of Title VII complaint); *Flores v. Bd. of Trustees of Cmty. Coll. Dist. No. 508*, 103 F. Supp. 3d 943, 948–49 (N.D. Ill. 2015) (same); *Hall v. Walsh Const. Co.*, No. 11 CV 08706, 2012 WL 3264921, at *1 n.4 (N.D. Ill. Aug. 9, 2012) (same); *Gaytan v. City of Chicago*, No. 11 CV

8624, 2012 WL 2597932, at *3 (N.D. Ill. July 5, 2012) (same).  The Court therefore denies Davis' motion to strike the exhibit from Palos Health's motion to dismiss.

## **CONCLUSION**

For the reasons set forth above, the Court grants Palos Health's motion to dismiss the complaint (Dkt. 10) without prejudice and denies Davis' motion to strike (Dkt. 20). The Court additionally grants Davis leave to amend his complaint to comply with this opinion by 2/13/19.

_____
Virginia M. Kendall
United States District Judge

Date: January 16, 2019